UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENISE MCCARTHER, )<br>)<br>*Plaintiff* )<br>v. )<br>)<br>CVS LLC, LAPORTE COUNTY, )<br>LAPORTE COUNTY BOARD OF )<br>COMMISSIONERS, and LAPORTE )<br>COUNTY JAIL, )<br>)<br>*Defendants* ) | Cause No. 3:14-CV-1467 RLM |

## OPINION AND ORDER

This matter is before the court on Hook-SupeRx, LLC's uncontested motion to dismiss. For the following reasons, the court joins Hook-SupeRx as a defendant to this litigation, defers ruling on the motion to dismiss, and directs the plaintiff to show cause, if any, why the claims against CVS, LLC and Hook-SupeRx, LLC shouldn't be dismissed.

Plaintiff, Denise McCarther brought suit against CVS, LLC, LaPorte County, the LaPorte County Board of Commissioners and the LaPorte County Jail in state court alleging that she suffered emotional trauma because: (1) an unidentified CVS pharmacist was "negligently trained and supervised" and "falsely and/or negligently" accused her of altering a prescription, refused to fill the prescription, and reported the incident to the LaPorte City Police (Count 1), and (2) unidentified staff members at the LaPorte County Jail subjected her to "cruel and unusual treatment" following her arrest (Count 2).

The LaPorte County defendants filed a notice of removal asserting federal

question jurisdiction and advising that CVS, LLC had consented to the removal, but CVS hasn't appeared or answered, and there's no evidence that it was ever served.[1] Hook-SupeRx, LLC appeared in its stead asserting that it had been "improperly pleaded as CVS LLC" and moved to dismiss Count 1 of the complaint. Hook-SupeRx asserts that it owns and operates the pharmacy where the alleged incident occurred and is the real party in interest in this case; that it wasn't properly served; and that the Count 1 of the complaint fails to state a plausible claim against it.

The evidence of misnomer is minimal, but counsel for Hook-SupeRx presented a verified statement in which he attests that Hook-SupeRx, L.L.C. was "improperly pleaded as CVS LLC." [Doc. No. 8]. Ms. McCarther has had ample opportunity to determine the validity of Hook-SupeRx's claim that it, not CVS LLC, owns and operates the pharmacy in question, but hasn't moved to amend her complaint to join or substitute Hook-SupeRx as a party defendant, doesn't dispute that Hook-SupeRx has an interest in this litigation, and hasn't responded to its motion to dismiss. The time for doing so has passed.

The court might not have authority to substitute Hook-SupeRx LLC for the named defendant *sua sponte,* but it can add or drop a misjoined or nonjoined party "at any time, on just terms" under Fed. R. Civ. P. 21. Based on the record before it, the court finds that Hook-SupeRx has demonstrated a viable interest in

---

[1] Hook-SupeRx, LLC indicated in its motion to extend the answer deadline that: "Service was purportedly made upon CVS LLC by Certified Mail on April 4, 2014" [Doc. No. 9], but no proof of service has been submitted.

this litigation and that its ability to protect that interest may be impaired or impeded if it isn't joined as a defendant.

Accordingly, the court:

(1) JOINS Hook-SupeRx LLC as a defendant;

(2) DEFERS ruling on the motion to dismiss [Doc. No. 11]; and

(3) GIVES the plaintiff fourteen days from the date of this order to show cause, if any, why she hasn't forfeited the right to amend her complaint and pursue a claim against Hook-SupeRx by failing to respond to the motion to dismiss and/or to move to amend the complaint, *See* Lekas v. Briley, 405 F.3d 602, 614-15 (7th Cir. 2005); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1043 (7th Cir. 1999), and why the claims against CVS LLC shouldn't be dismissed under Fed. R. Civ. P. 4(m) and/or Local Rule 41-1.

SO ORDERED.

ENTERED:   November 13, 2014

                            /s/ Robert L. Miller, Jr.
                            Judge
                            United States District Court